UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STRIKE 3 HOLDINGS, LLC,

        Plaintiff,                             No. 21-10039

v.                                             District Judge Sean F. Cox
                                                 Magistrate Judge R. Steven Whalen

JOHN DOE subscriber assigned IP
address 162.205.116.73,

        Defendant.
_____/

**OPINION AND ORDER**

        This is a copyright infringement case. Plaintiff Strike 3 Holdings, LLC ("Strike 3") owns copyrights to various films, including specific copyrighted works that are the subject of this lawsuit. Before the Court is Plaintiff's motion for leave to serve a third party subpoena on Internet Service Provider AT&T U-verse prior to a Rule 26(f) conference [Doc. #5]. For the reasons discussed below, the motion is GRANTED.

        Plaintiff does not know the name of the John Doe Defendant, but states that it has identified the Defendant by a unique Internet Protocol ("IP") address that was involved in the alleged infringement (i.e., downloading a movie without paying) while participating in a "BitTorrent swarm." Attached to Plaintiff's complaint as Exhibit A is a list of 59 digital files alleged to have infringed on its copyright. And attached to Plaintiff's motion is the declaration of Susan B. Staltzer, a Stike 3 employee who examined the 59 alleged infringing files, and identified each as "either identical, strikingly similar or substantially similar to a motion picture in which Strike 3 owns a copyright." ECF No. 5-2, PageID.69.

Plaintiff has also submitted the declaration of David Williamson, who is an independent contractor retained by Strike 3 as an Information Systems and Management Consultant. Mr. Williamson describes in detail Strike 3's infringement detection system, called VXN Scan. ECF No. 5-1, PageID.60-65. He states that utilizing this system, Strike 3 recorded alleged infringing BitTorrent files in the form of "PCAPs," or packet captures. Mr. Williamson describes the evidentiary value of a PCAP as follows:

> "[A] PCAP contains the Internet Protocol (IP) addresses used in the network transaction, the date and time of the network transaction, the port number used to accomplish each network transaction, and the BitTorrent client used to accomplish the network transaction. All of the above can be useful in identifying an infringer." ECF No. 5-1, PageID.63.

In addition, Plaintiff has submitted the declaration of Patrick Paige of Computer Forensics, LLC, a Florida based expert computer forensics company. Mr. Paige states that he received and reviewed a PCAP from Strike 3, which evidenced a computer transaction between Strike 3 and IP address 162.205.116.73. The PCAP related to work no.1 in Exhibit A of the complaint. ECF No. 5-3, PageID.76. Mr. Paige further states, "Based on my experienced in similar cases, Defendant's ISP AT&T U-verse is the only entity that can correlate the IP address to its subscriber and identify Defendant as the person assigned the IP address 162.205.116.73 during the time of the alleged infringement." *Id*.

F. R. Civ. P. 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule)(1)(B), or when authorized by these rules, by stipulation, *or by court order"* (emphasis added). Strike 3 is correct that a district court has the discretion to permit the early issuance of a Rule 45 subpoena prior to a Rule 26(f) conference. This issue arises not infrequently in copyright infringement cases where the identity of the alleged infringer is not known. *See Arista Records, LLC v. Doe 3*, 604

F.3d 110 (2nd Cir. 2012). The standard for granting a motion for this type of subpoena is good cause. *Id*. The factors that a court considers are (1) a prima facie showing of copyright infringement, (2) a specific discovery request, (3) an absence of alternative means to obtained the subpoenaed information, (4) plaintiff's central need for the subpoenaed information, and (5) the defendant's minimal expectation of privacy. *Id*.

Having reviewed the complaint, Plaintiff's motion, and all accompanying exhibits and declarations, I am satisfied that under these standards, there is good cause to issue the Rule 45 subpoena prior to the Rule 26(a) conference, in that there is no other reasonable alternative to discovering the Defendant's true identity.

Accordingly, Plaintiff's motion for leave to serve third party subpoena [Doc. #5] is GRANTED, as follows:

1. Plaintiff Strike 3 Holdings, LLC may serve a Rule 45 subpoena on Internet Service Provider AT&T U-verse, in order to identify the actual name and contact information for John Doe, who is associated with IP address 162.205.116.73. The subpoena will be limited to following information about John Doe: name, address, telephone number, and email address. A copy of this Opinion and Order shall be attached to any such subpoena.

2. AT&T U-verse shall in turn serve a copy of the subpoena and a copy of this order on the subscriber, defendant John Doe, within 30 days from the date of service of the subpoena on the ISP. The ISP may serve the subscriber using any reasonable means, including written notice sent to the subscriber's last known address, transmitted either by first-class mail or via overnight service.

3. Nothing in this order precludes the ISP or Defendant John Doe from challenging the subpoena consistent with the Federal Rules of Civil Procedure and this

Court's Local Rules. However, any such challenge, such as a motion to quash the subpoena or a motion for a protective order, shall be filed before the return date of the subject subpoena, and the return date shall be no earlier than 30 days from the date of service of the subpoena on the ISP.

4. If the ISP or the subscriber files a motion to quash or a motion for a protective order, the ISP shall preserve the information sought by the subpoena pending resolution of such a motion.[1]

5. Any information disclosed to Plaintiff by the ISP may only be used by Plaintiff for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101 et seq.

IT IS SO ORDERED.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: April 19, 2021

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 19, 2021, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen

---

[1] Plaintiff states that it does not object to a protective order that would allow the Defendant to proceed anonymously. The Defendant may, if he or she wishes, file a motion to do so after having been served.